DeMOSS, Circuit Judge, specially
concurring.
I concur in the reasoning and result of Judge King’s well-crafted opinion. We have simply said that the law is what Congress says is the law. However, on rare occasions, in the words of Mr. Bumble in Charles Dickens’ Oliver Tivist, “... the law is a[n] ass,” and this is one of those occasions. To say that a person is “responsibly connected” to an action of a corporation simply by reason of being a minority shareholder of that corporation, flies in the face of both logic and reality. I always thought it was hornbook law that a shareholder, even a majority shareholder, was not responsible for the debts or torts or criminal conduct of a corporation, simply by reason of being such shareholder. If the public policy behind PACA (as indicated by the quotation from the House Report in Judge King’s opinion) is to require licensing for those who carry on a business in perishable agricultural commoditiés, and to deny such licenses “to those whose business tactics disqualify them,” should not the law focus on the perpetrators of the unacceptable business tactics? If not, the innocent investor/shareholder is branded with guilt purely on the basis of association, a circumstance which I thought was clearly not acceptable as a basis for fixing responsibility. Consequently, I -write this special concurrence with the hope that somewhere in the Department of Agriculture there is an administrator of this Act with the courage to suggest to Congress that the definition of “responsibly connected” should be amended by deleting the words “holder of more than 10 percent of the outstanding stock of a corporation.”